UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SUKHWINDER SINGH,                                :
                                                 :
                        Plaintiff                :
                                                 :
              -against-                          :
                                                 :    **SUMMARY ORDER**
ROBERT GOTTESMAN and                             :    16-cv-2277 (DLI)
NEAL FROHLICH                                    :
                                                 :
                        Defendants.              :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, Chief Judge:**

On May 5, 2016, defendant Robert Gottesman ("Gottesman") filed a notice to remove this action from the Supreme Court of the State of New York, Kings County to this Court. Notice of Removal (the "Notice"), Dkt. Entry No. 1. On June 3, 2016, this Court remanded the case to the state court, *sua sponte*. Order Remanding Case to State Court, dated June 3, 2016 (the "Remand Order"). On June 16, 2016, Gottesman filed a motion for reconsideration of the Remand Order. Motion for Reconsideration (the "Motion"), Dkt. Entry No. 9. For the reasons set forth below, the Court lacks jurisdiction to consider the Motion under 28 U.S.C. § 1447(d), and the case remains remanded to the state court.

## BACKGROUND

The Notice provides the following information concerning the procedural history and removability of this case. On February 24, 2016, the plaintiff Sukhwinder Singh ("Plaintiff") served Gottesman with a summons and complaint. On March 2, 2016, Gottesman served his answer, and on April 22, 2016, co-defendant Neil Frolich ("Frolich") served his answer. According to Gottesman, "upon information and belief," Plaintiff seeks to recover more than $75,000, exclusive of interests and costs. Notice at ¶6. Plaintiff is a "resident" of New York,

1

while Gottesman and Frolich are "residents" of New Jersey. Notice at ¶¶ 7-9.

The Court remanded the case, *sua sponte*, on the ground that it was removed untimely pursuant to 28 U.S.C. § 1446(b) and relevant Second Circuit precedent. In the Motion, Gottesman states that in issuing the Remand Order, the Court "overlooked" 28 U.S.C. § 1446(b)(3), which provides that if a case is not removable as indicated in the initial pleadings, a defendant may file a notice of removal within 30 days of receiving any paper from which removability may be ascertained. Gottesman notes that, because the complaint alleges that both Plaintiff and Frolich are residents of New York, there was not complete diversity. It was only on April 22, 2016, when Gottesman received Frolich's answer, that Gottesman discovered that Frolich was a resident of New Jersey. Thus, according to Gottesman, because he did not ascertain that the case was removable until April 22, 2016, the Notice was timely under § 1446(b)(3).

## DISCUSSION

28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *Id*. § 1447(c). It further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *Id.* § 1447(d). The Supreme Court has found that "§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995) (quotation marks omitted)); *accord Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified

therein . . . are immune from review under § 1447(d)."). Federal appellate courts, including the Second Circuit, have universally recognized "that the 'or otherwise' language of section 1447(d) bars district courts from reconsidering orders remanding cases on section 1447(c) grounds." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (collecting cases).

The Remand Order cited *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) for the proposition that "district courts [may] remand cases *sua sponte* based on procedural grounds where remand occurs within 30 days of the filing of the notice of removal." Remand Order (citing *Mitskovski*, 435 F.3d at 131). The relevant section of *Mitskovski* states:

> We have interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction. Such remands, because they are authorized by section 1447(c), are barred from review by section 1447(d). However, "an order remanding on procedural grounds either upon an untimely motion or *sua sponte* more than 30 days after removal, since such order is not authorized by § 1447(c), is reviewable."

*Id.* at 131 (quoting *Hamilton v. Aetna Life and Casualty Co.*, 5 F.3d 642, 644 (2d Cir.1993) (additional citations omitted)).

Thus, if a *sua sponte* remand "more than 30 days after removal . . . is not authorized by § 1447(c)," the negative implication of *Mitskovski* is that a *sua sponte* remand *less* than 30 days after removal *is* authorized by that statue. *Id.*; *see also Hamilton*, 5 F.3d at 644 (emphasis added) (finding that a district court lacked authority under § 1447(c) to remand a case on procedural grounds, because the procedural "defect was waived by the failure of [the defendant], *or the court* sua sponte, to raise the matter within 30 days of removal."). Indeed, at least one case from this District interprets *Mitskovski* as "impliedly recognizing a district court's right to, *sua sponte*, remand for procedural defects where the district court acts within 30 days of removal." *Allfour v. Bono*, 2011 WL 2470742, at *1 (E.D.N.Y. May 5, 2011), *report and recommendation adopted*, 2011 WL

2470734 (E.D.N.Y. June 22, 2011); *see also Cassara v. Ralston*, 832 F. Supp. 752, 753 (S.D.N.Y. 1993) ("Although none of these cases addresses whether or not Section 1447(c) authorizes a district court to remand a case *sua sponte* for procedural defects [within 30 days of the filing of the notice of removal], . . . I believe that such remands are permitted.").

Here, the Court remanded the case *sua sponte* based on a "procedural defect" (untimeliness) within 30 days of the filing of the Notice. Although § 1447(c) authorizes remand based on a procedural defect raised within 30 days of removal, the statute itself is silent as to whether a district court may remand on this ground *sua sponte*. Thus, rather than cite the statute, the Court relied on *Mitskovski's* construction of § 1447(c) as authorizing remand *sua sponte* under these circumstances. As such, because the Remand Order was *ultimately* based on § 1447(c), § 1447(d) prohibits consideration of the Motion. This case remains remanded to the state court.

SO ORDERED

Dated: Brooklyn, New York
     March 22, 2017

/s/
Dora L. Irizarry
Chief Judge